UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHIGAN ELECTRICAL EMPLOYEES'
PENSION FUND, *et al.*,

        Plaintiffs,

v.

AIM ELECTRIC, INC.,

        Defendant.
_____/

Case No. 1:07-CV-1137

Hon. Richard Alan Enslen

**ORDER**

       This matter is before the Court on competing summary judgment motions of the parties. Plaintiffs include Michigan Electrical Employees' Pension Fund, the Flint Labor-Management Cooperation Fund, and other related ERISA employee funds. Defendant AIM Electrical, Incorporated has been sued by Plaintiffs for an audit and payment of allegedly delinquent pension and fringe benefit fund contributions made on and after June 20, 2006. Defendant's Motion for Partial Summary Judgment was filed on May 22, 2008 and Plaintiffs' Motion for Summary Judgment followed the next day.

       Summary judgment is sought under Federal Rule of Civil Procedure 56. The Rule dictates that summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The initial burden is on the movant to specify the basis for summary judgment and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Upon review of the instant record, the Court determines that neither Motion should be granted at this time. As for Defendant's Motion, the Court is unconvinced for the many reasons argued ably by Plaintiffs' counsel. As for Plaintiffs' Motion, the Court believes that the instant briefing raises certain legal and/or factual questions which will either need to be answered through additional briefing or through trial. These questions include: When was the Final Decision of the Council on Industrial Relations issued? Was the decision issued by regular process? Did Defendant receive notice of the issuance? Does the failure of notice defeat the finality of the decision? Does the failure of Defendant to formally approve the 2006-2008 contract affect its validity? Do Plaintiffs object to the dismissal of the Flint Labor-Management Cooperation Fund? Was notice to Defendant necessary for Defendant to express objection to various terms of the contract? *See, e.g., Local 58, Int'l Bhd. of Elec. Workers v. Southeastern Mich. Chapter, Nat'l Elec. Contractors Ass'n*, 43 F.3d 1026, 1032 (6th Cir. 1995) (allowing severance of interest arbitration clause after objection).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs Michigan Electrical Employees' Pension Fund *et al.*'s Motion for Summary Judgment and Defendant Aim Electric, Incorporated's Motion for Partial Summary Judgment (Dkt. Nos. 17 and 18) are **DENIED WITHOUT PREJUDICE** to later motion.

DATED in Kalamazoo, MI:             /s/ Richard Alan Enslen
    August 15, 2008                    RICHARD ALAN ENSLEN
                                       SENIOR UNITED STATES DISTRICT JUDGE